SEAN B. KIRBY, ESQ.
Nevada Bar No. 14224
TROUTMAN PEPPER HAMILTON SANDERS LLP
8985 S. Eastern Ave., Ste. 200
Las Vegas, NV 89123 *(Nevada Office)*
Fax: (404) 962-6800
Tele: (470) 832-6017
sean.kirby@troutman.com

*Attorneys for Defendant Nationstar Mortgage LLC dba Mr. Cooper (erroneously sued as Rushmore Servicing LLC doing business for Nationstar Mortgage LLC)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OLIVER COMPLOT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RUSHMORE SERVICING LLC DOING BUSINESS FOR NATIONSTAR MORTGAGE LLC,<br><br>　　　　　Defendant. | Case No.:　　2:24-CV-01918-JCM-BNW<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>Judge:　　　Hon. Judge James C. Mahan<br>Magistrate:　Hon. Judge Brenda Weksler<br><br>Complaint Filed:　September 23, 2024<br>Trial Date:　　　None Set |

Plaintiff Oliver Complot ("**Plaintiff**") and Defendant Nationstar Mortgage LLC dba Mr. Cooper *(erroneously sued as Rushmore Servicing LLC doing business for Nationstar Mortgage LLC)* ("**Defendant**") (collectively, the Parties"), hereby submit their Joint Proposed Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 16 and 26, as well as LR II 26-1. It is hereby requested that the Court enter the following Discovery Plan and Scheduling Order.

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), a telephonic meeting was held on **December 19, 2024**.

///

**I.   Whether the Parties have exchanged initial disclosure statements under Rule 26(a)**

The Parties have not exchanged Initial Disclosures. The Parties have agreed to exchange Initial Disclosures no later than **January 2, 2025**, fourteen (14) days after the Fed. R. Civ. P. 26(f) Conference.

**II.   Discovery Cut-Off Date**

Discovery will take 150 days, measured from the date of the scheduling conference which was on **12/19/2024**. The Discovery Cut-Off date, therefore, will be **June 1, 2025.**

The Parties have proposed dates that conform with Local Rule 26.1(b).

**III.   Amending the Pleadings and Adding Parties**

Pursuant to LR 26-1(b)(2), the deadline for filing Motions to Amend the Pleadings or Motions to Add Parties is **90 days** before the close of discovery, therefore the deadline will be **March 3, 2025**.

**IV.   Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)**

Pursuant to LR 26-1(b)(3), unless the Discovery Plan otherwise provides and the court so orders, the deadlines in Fed. R. Civ. P. 26(a)(2)(D) for Expert Disclosures are modified to require that the disclosures be made **60 days** before the Discovery Cut-Off date and that Rebuttal-Expert Disclosures be made **30 days** after the initial disclosure of experts.

Expert Disclosures deadline will be **April 2, 2025**.

Rebuttal Expert Disclosures deadline will be **May 2, 2025**.

**V.   Dispositive Motions**

Pursuant to LR 26-1(b)(4), unless the Discovery Plan otherwise provides and the court so orders, the deadline for filing Dispositive Motions is **30 days** after the Discovery Cut-Off date.

Therefore, the deadline for filing Dispositive Motions is **July 1, 2025**.

**VI.   Pretrial Order**

Pursuant to LR 26-1(b)(5), unless the Discovery Plan otherwise provides and the court so orders, the deadline for the Joint Pretrial Order is **30 days** after the deadline for filing Dispositive Motions.

If no Dispositive Motions are filed, the deadline for the Joint Pretrial Order, Fed. R. Civ. P. 26(a)(3) Disclosures, and any Objections to them is **July 31, 2025**.

2

If Dispositive Motions are filed, the deadline for filing the Joint Pretrial Order, Fed. R. Civ. P. 26(a)(3) Disclosures, and any Objections to them will be suspended until **30 days after** decision on the Dispositive Motions or further court order.

**VII.  Fed. R. Civ. P. 26(a)(3) Disclosures**

In accordance with LR 26-1(b)(6), the Disclosures required by Fed. R. Civ. P. 26(a)(3) and any Objections to them must be included in the Joint Pretrial Order.

If Dispositive Motions are filed, the deadline for filing the Joint Pretrial Order, Fed. R. Civ. P. 26(a)(3) Disclosures, and any Objections to them will be suspended until **30 days after** decision on the Dispositive Motions or further court order.

**VIII.  Alternative Dispute Resolution**

The Parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation, but have not come to any agreement at this time.

The assistance of a Magistrate Judge in facilitating a settlement conference after the Parties engage in initial discovery may be useful. **The parties believe early neutral evaluation would be beneficial.**

**IX.  Alternative Forms of Case Disposition**

The Parties further certify that they considered consent to Trial by a United States Magistrate Judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

The Parties do not consent to trial by a United States Magistrate.

The Parties do not consent to the use of the Short Trial Program (General Order 2013-01).

**X.  Electronically Stored Information ("ESI") and Electronic Evidence**

The Parties certify that they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The Parties will consult the Court's website or contact the assigned judge's courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the Court's electronic jury evidence display system.

///

The Parties have discussed the retention and production of electronic data. The Parties agree that service of discovery via electronic means, including electronic files copied to compact disc, pursuant to Fed. R. Civ. 5(b), is sufficient, and the Parties retain the right to serve by mail and receive three additional days for mailing provided for in Fed. R. Civ. P. 6(d). The Parties reserve the right to revisit this issue if a dispute or need arises. The Parties further intend to present evidence in electronic format to jurors for the purposes of jury deliberations. To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday.

## XI. Protection of Privileged/Trial Preparation Material:

If a party discovers it has inadvertently disclosed privileged or trial preparation material, it agrees to notify the opposing party in writing **within 30 days** of the discovery that such document(s) have been disclosed, which written notification will set forth the basis for the claim that the items disclosed are privileged or trial preparation material. If the party receiving the disclosure agrees that the inadvertently produced items are privileged or trial preparation material, it will return all such items to the producing party without the retention of any copies.

If the receiving party disputes that the items are privileged or trial preparation materials, it will **within 30 days** of written notification of the inadvertent disclosure, present the disputed items inadvertently disclosed to the court under seal for a decision with respect thereto (without the retention of copies), including with such submission the producing party's written notification and any statement the receiving party wishes to make in support of its position that the items are not privileged or trial preparation material. If the receiving party disclosed the inadvertently produced privileged or trial preparation materials before being notified of the inadvertent disclosure, it will take reasonable steps to retrieve the materials pending resolution of the matter.

## XII. Electronic Service of Discovery

The Parties agree that pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, the exchange of pleadings and other papers, including discovery requests, responses, and ESI, shall be in PDF format, and served via email or a secure file transfer protocol, rather than US Mail. All documents served electronically will be deemed as if served by mail.

4

The Parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Adobe Acrobat (.pdf). The Parties agree to serve their written discovery requests in both Microsoft Word (.docx) and Adobe Acrobat (.pdf) format. If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means, including mail service.

The Parties anticipate that depositions, if any, will take place remotely via videoconference or as all parties, including the deponents, otherwise agree. The Parties will determine the manner of depositions based on the circumstances prevailing when the Parties confer to schedule depositions.

**Extension of Discovery Deadline**

LR 26-3 governs modifications or extensions to this Discovery Plan and Scheduling Order. All motions to seal must comply with Local Rule IA 10-5 and *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). **IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE / MAGISTRATE
DATED: December 20, 2024

RESPECTFULLY SUBMITTED this 19th day of December 2024.

| **TROUTMAN PEPPER HAMILTON SANDERS LLP** | |
|---|---|
| By: */s/ Sean Kirby*<br>SEAN B. KIRBY, ESQ.<br>Nevada Bar No. 14224<br>8985 S. Eastern Ave., Ste. 200<br>Las Vegas, NV 89123 (*Nevada Office*)<br>sean.kirby@troutman.com<br><br>*Attorneys for Defendant Nationstar Mortgage LLC dba Mr. Cooper (erroneously sued as Rushmore Servicing LLC doing business for Nationstar Mortgage LLC)* | By: */s/ Oliver Complot*<br>Oliver Complot<br>Post Office Box 1704<br>Buckeye, Arizona, 85326<br>complotcourt@gmail.com<br><br>*Pro se Plaintiff* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of December 2024, I caused to be served a true and correct copy of the foregoing **DISCOVERY PLAN AND SCHEDULING ORDER,** in the following manner:

☒ **(ELECTRONIC SERVICE)** Pursuant to FRCP 5(b), the above referenced document was electronically filed on the date hereof with the Clerk of the Court for the United States District Court by using the Court's CM/ECF system and served through the Court's Notice of electronic filing system automatically generated to those parties registered on the Court's Master E-Service List.

☒ **(UNITED STATES MAIL)** By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, to the parties listed below at their last-known mailing addresses, on the date above written.

> Oliver Complot
> PO Box 1704
> Buckeye, AZ 85326

☐ **(PERSONAL SERVICE)** By causing to be personally delivered a copy of the above-referenced document to the person(s) listed below: N/A

☒ **(EMAIL)** By emailing a true and correct copy of the above-referenced document to the person(s) listed below:

> Andre Complot     complotcourt@gmail.com

I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

*/s/ Carla Llarena*
An employee of TROUTMAN PEPPER HAMILTON SANDERS, LLP