1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

OLIVER COMPLOT,

Plaintiff(s),

v.

RUSHMORE SERVICING LLC DOING
BUSINESS AS NATIONSTAR MORTGAGE
LLC, et al.,

Defendant(s).

Case No.2:24-CV-1918  JCM (BNW)

ORDER

Presently before the court is defendant Nationstar Servicing LLC's[1] motion to dismiss plaintiff's second amended complaint.  (ECF No. 28).  Plaintiff Oliver Complot filed a response (ECF No. 31), to which defendant replied (ECF No. 32).

Also before the court is defendant's motion to dismiss plaintiff's first amended complaint. (ECF No. 13).  Plaintiff filed a response (ECF No. 16).  As an initial matter, defendant's motion to dismiss plaintiff's first amended complaint is denied as moot.

I.    **Background**

Plaintiff's father, Andrew Able Complot, executed a deed of trust with Realty Mortgage Corporation encumbering[2] the real property located at 2725 South Nellis Boulevard Unit 2170, Las Vegas NV ("the property").  (ECF No. 28 at ¶ 8).  The deed of trust was recorded on September

---

[1] Nationstar does business under a few different names, including Mr. Cooper and Rushmore Servicing. (ECF No. 19 at 3, 12).

[2] This order refers to the security on 2725 South Nellis Boulevard Unit 2170 as the "mortgage" or "loan."

12, 2005.  (*Id.*).

Andre Able Complot died intestate on November 11, 2023, according to an order granting petition to set aside an estate without probate.  (ECF No. 19 at 17).  For the purpose of this motion, the court will assume without deciding that plaintiff had an interest in the property and the debt obligations attached to it.[3]  (*Id.* at 1).

The deed of trust changed hands via assignment several times.  On June 11, 2009, Realty Mortgage Corporation assigned the deed of trust to Aurora Loan Services LLC.  (*Id.* at ¶ 13).  On May 18, 2010, Aurora Loan Services LLC assigned the deed of trust to Mortgage Electronic Registration Systems, Inc.  (*Id.* at ¶ 14).  Then on July 29, 2014, Mortgage Electronic Registration Systems, Inc. assigned the deed of trust to the defendant.  (*Id.* at ¶ 15).  The defendant is the current servicer of the loan.  (ECF No. 28 at ¶ 16; ECF No. 19 at ¶ 3).

The defendant, doing business as "Mr. Cooper," sent a letter on or around February 9, 2024, claiming that plaintiff's father was "in default under the terms and conditions of the mortgage loan for failure to pay the required installments when due."  (*Id.* at 3).  Plaintiff claims he was aware of Nationstar's ownership of the mortgage, but "had never heard of Mr. Cooper being a servicer."  (*Id.* at ¶ 3).  Accordingly, plaintiff claims he sent letters to Mr. Cooper over the course of about four months, asking for information to verify the amounts due, claims asserted, and information concerning the account.  (*Id.* at ¶¶ 3–4).

Plaintiff alleges that several of the documents provided by defendant were suspicious and that several signatures were forged or "digitally made."  (*Id.* at ¶ 5).  Nonetheless, on or around April 2024, plaintiff sent defendant "a letter and checks intended for full satisfaction of the debt."

---

[3] The court notes, however, that it is unclear whether there were other heirs.  (*Id.* at 10) (referring to "the heirs of the estate").

1
2
3
4
5

(*Id.*).  The letter included language stating that the "forged signatures cannot support an alleged contract and the contract is void," and that defendant must return the checks if it objected to the terms.  (*Id.*).  Plaintiff claims that defendant cashed the checks.  (*Id.*).  Despite supposedly "fully satisfying" the debt, the "heirs of the estate" continued to make payments on the loan.  (*Id.* at ¶ 6).

6
7
8

In August 2025, the defendant, doing business as Rushmore Servicing, sent a letter indicating that the account was still in default.  (*Id.* at ¶ 7, page 12).  Plaintiff again sent a payment "intended for full satisfaction of the alleged debt."  (*Id.* at ¶ 8).

9
10
11
12
13
14
15
16

Plaintiff brought this suit in state court, claiming that defendant violated the Fair Debt Collection Practices Act (FDCPA) and the Arizona Collection Act (ACA).  Plaintiff also asserts claims for negligence, fraud, intrusion on seclusion, intentional infliction of emotional distress, negligent hiring, respondeat superior, and state civil RICO.  Defendant timely removed to this court, (ECF No. 1), and now moves to dismiss the complaint as to the causes of action against it. (ECF No. 28).

17

**II.    Legal Standard**

18
19
20
21
22
23
24
25
26

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Furthermore, a formulaic recitation of the elements of a cause of action will not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted).  Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  *Id.* at 678–79.

27
28

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state

a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held as follows:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

In ruling on a motion to dismiss, a district court generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). There are several exceptions to this rule. For example, the court may consider material properly submitted as part of the complaint, take judicial notice of undisputed

- 4 -

matters of public record, and—when the plaintiff fails to introduce a pertinent document—may consider the exhibit if the "defendant introduces it as part of his motion attacking the pleading." *Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir. 1994) (citing *Hal Roach Studios*, 896 F.2d at 1555 n. 19) (emphasis added) (properly submitted material as part of the complaint); *id.* at 453 (when plaintiff fails to introduce a pertinent exhibit); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)) (on judicial notice).

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

## III.    Discussion

Defendant claims that plaintiff did not achieve an accord and satisfaction through the partial payments made on the loan. (ECF No. 28 at 2). Defendant argues that the FDCPA and state law claims must fail because they are premised on plaintiff's accord and satisfaction argument. Defendant finally argues that plaintiff pleads insufficient facts as to his claims for declaratory & equitable relief, negligence, fraud, intrusion upon seclusion, intentional infliction of emotional distress,[4] negligent hiring, respondeat superior, and state civil RICO. (*Id.* at 2, 12).

---

[4] Errantly labeled "negligent infliction of emotional distress." (ECF No. 28 at 2).

A.  Accord and Satisfaction

Several of plaintiff's causes of action are premised on the alleged existence of an accord and satisfaction between the parties.

An accord is "an agreement whereby one of the parties undertakes to give or perform, and the others accept, in satisfaction of a claim. . .something other or different from what he is, or considers himself, entitled to." *Campos v. Town of Pahrump*, 274 F. Supp. 3d 1106, 1111 (D. Nev. 2017) (citing *Morris De Lee Family Trust v. Cost Reduction Eng'g*, 705 P.2d. 161, 163 (Nev. 1985)).  In Nevada, the party asserting the defense of accord and satisfaction bears the burden of proof to establish: (1) a bona fide dispute over an unliquidated amount; (2) payment tendered in full settlement; (3) understanding by the creditor and acceptance of the payment; and (4) a clear meeting of the minds. *Pierce Lathing Co. v. ISEC, Inc.*, 114 Nev. 291, 297, 956 P.2d 93, 97 (Nev. 1998); *see also Thurmond v. United Wholesale Mortg., LLC*, 2025 U.S. Dist. LEXIS 6872, 2025 WL 89609, at *6–7 (D. Nev. Jan. 13, 2025).  Sufficient consideration is also required.  *Pierce Lathing Co.*, 956 P.2d at 297.

*1.  Meeting of the Minds*

Plaintiff's core argument is that there was a meeting of the minds because defendant cashed the checks he sent "in full satisfaction of the debt."  (ECF No. 19 at ¶ 5).  The checks were accompanied by letters that the plaintiff considered the contract void and that they must be returned if defendant objected to the terms.  (*Id.*)

The deed of trust, signed by plaintiff's father and the original owner of the mortgage, casts doubt on plaintiff's weakly pled argument.  Under the deed of trust, "lender's acceptance of payments from third persons, entities or successors in interest of borrower or in amounts less than

- 6 -

the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy."[5] (ECF No. 28–Ex. 1 at 12). The court takes judicial notice of the deed of trust and subsequent assignments.[6] Without further proof that defendant waived its rights under this provision when it accepted the partial payment, it is unclear to the court that the parties *clearly* intended for the loan to be discharged. Accordingly, plaintiff fails to plead sufficient facts establishing that there was a meeting of the minds between the parties.

### 2. Sufficient Consideration

The checks sent to defendant did not constitute sufficient consideration as a matter of law. "Consideration for an agreement is not adequate when it is a mere promise to perform that which the promisor is already legally bound to do." *Walden v. Backus*, 408 P.2d 712, 714 (Nev. 1965); *Hicks v. Dairyland Ins. Co.*, No. 2:08-cv-1687, 2010 WL 2541175, at *6 (D. Nev. Mar. 3, 2010).

The principal balance of the loan at the time of default was $75,006.91. (ECF No. 19 at 3). In April 2024, plaintiff sent just above the amount due via checks ($2,000 on a $1,728.25 bill). (*Id.* at 14). Plaintiff's check from August 2024 for $600 fell far below even the monthly amount due. (*Id.*). While the April checks *potentially* brought the account current, they would not extinguish the entire loan without some other consideration. *See Walden*, 408 P.2d at 714. Plaintiff offered no new or different consideration with these checks other than that he considered the contract void. (ECF No. 19 at ¶ 5). This is not consideration.

. . .

---

[5] (*See also* ECF No. 28–Ex. 1 at 1) ("the Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights").

[6] There is no plausible dispute as to the validity of these documents. They are publicly recorded, the plaintiff claims that he discussed the loan with his father (the borrower-in-fact), and made payments on the loan. (*See* ECF No. 28–Ex. 1, ECF No. 19 at page 3 and at ¶ 3). Though plaintiff raises concerns within his correspondence and "Billing Error" letters, they amount to bare accusations of "material alterations" and "forgery," without providing further explanation. (ECF No. 19 at 5, 8–9). Bald assertions of a dispute, without more, do not make it so.

### 3. Bona fide dispute over an unliquidated amount

The third requirement is that there is a bona fide dispute over an unliquidated amount. Plaintiff offers no proof of a bona fide dispute beyond claims of "suspicious documents" and "digitally altered" signatures and letters to the defendant containing conclusory allegations that there is a bona fide dispute. (*Id.* at ¶ 5, and pages 5, 8–9). The court wonders what about the documents make them suspicious? Why does plaintiff believe the signatures are digitally altered? Plaintiff does not clarify.[7]

Plaintiff does not allege (1) facts supporting a conclusion that there is not a valid loan, (2) facts supporting that the principal on the loan is incorrect, or (3) facts supporting that the monthly payment is incorrect. Plaintiff does not allege that the deed of trust does not exist; rather, he repeatedly reaffirms its existence. (*Id.* at pages 1–2, and ¶¶ 3,4, 6). The "facts" alleged by plaintiff do not rise beyond mere speculation and, therefore, the court finds that plaintiff will not be able to establish a bona fide dispute. *See Twombly*, 550 U.S. at 555.

Plaintiff's claim of accord and satisfaction is riddled with conclusory allegations and is unaccompanied by sufficient facts to survive the motion to dismiss standard of pleading. The court will not grant leave to amend. *See DeSoto*, 957 F.2d at 658.

### B. FDCPA, ACA, Declaratory Relief, Consumer Fraud

Plaintiff's FDCPA, ACA, and Arizona Consumer Fraud Act[8] claims, as well as his request for declaratory relief, are based on his claim that there is an accord and satisfaction between the parties. (*See* ECF No. 19 at ¶¶ 9–29). Because this court finds that plaintiff did not sufficiently

---

[7] It appears that plaintiff has some concern over the identity of the loan servicer as he was familiar with Nationstar but not "Mr. Cooper" or "Rushmore." But there is no plausible dispute here. Both names are publicly verified aliases for Nationstar, as is evident from plaintiff's own documents submitted within his complaint. (ECF No. 19 at 3, 12).

[8] Additionally, the Act applies only "in connection with the sale or advertisement of any merchandise," but the plaintiff fails to plead facts supporting this requirement. *See* A.R.S. § 44-1522.

plead facts supporting the existence of an accord and satisfaction, the court dismisses these claims with prejudice.

### C.  Negligent Misrepresentation

To state a claim for negligent misrepresentation in Nevada, a plaintiff must allege that (1) defendant supplied false information for the guidance of others in their business transactions, (2) plaintiff justifiably relied upon the information, and (3) defendant failed to exercise reasonable care or competence in obtaining or communicating the information.  *Schnelling v. Budd (In re Agribiotech, Inc.)*, 291 F. Supp. 2d 1186, 1188–89 (D. Nev. 2003) (noting that Nevada has adopted the Restatement (Second) of Torts definition of negligent misrepresentation).

Plaintiff's claim that defendant supplied false information and failed to exercise reasonable care in doing so is premised on his theory of accord and satisfaction.  Accordingly, this claim is dismissed.

### D.  Negligence

To prove a claim of negligence, plaintiff must demonstrate that: (1) defendant owed a duty of care to the plaintiff; (2) defendant breached that duty; (3) defendant was the legal cause of plaintiff's injury; and (4) the plaintiff suffered damages. *Brown v. United States*, 637 F. Supp. 3d. 1140, 1152 (D. Nev. 2022) (citing *Sciablabba v. Brandise Const. Co., Inc.*, 921 P.2d 928, 930 (Nev 1996).  It is "well-established that a lender does not owe a duty of care to its borrower."  *Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1235–36 (D. Nev. 2009) (citing *Nymark v. Heart Fed. Savings & Loan Assn.,* 231 Cal.App.3d 1089, 1096) (Cal. Ct. App. 1991).

In his claim for negligence, plaintiff focuses largely on fraud rather than the elements of negligence.  Plaintiff cannot simply claim "fraud" to establish a breach of the duty of care.

1   Fraud is a separate legal claim that plaintiff must support with sufficient facts, which plaintiff

2   fails to do.  (*See supra* Sections B, C).  This claim is dismissed with prejudice.

3       E.   Intrusion on Seclusion

4       A claim for intrusion on seclusion is not appropriate considering the allegations in this

5   case.  "In order for an individual to bring a claim for invasion of privacy based on intrusion upon

6   seclusion, the individual must show: 1) an intentional intrusion (physical or otherwise); 2) on the

7   solitude or seclusion of another; 3) that would be highly offensive to a reasonable person."

8   *Campos v. Town of Pahrump*, 274 F. Supp. 1106, 1118 (D. Nev.) (quoting *Iorio v. Check City

9   P'ship, LLC*, No. 64180, 2015 Nev. Unpub. LEXIS 658, at *3 (Nev. May 29, 2015)).  This claim

10  typically applies to cases of spying or eavesdropping, which is not allleged here.  The court

11  dismisses the plaintiff's claim for intrusion on seclusion with prejudice.

12      F.   Intentional Infliction of Emotional Distress

13      Plaintiff's allegations supporting its intentional infliction of emotional distress (IIED)

14  claim are conclusory, lacking sufficient facts to rise above the speculative level.  To establish a

15  claim of IIED, plaintiff must show: "extreme and outrageous conduct with either the intention of,

16  or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or

17  extreme emotional distress[,] and (3) actual or proximate causation."  *Armstrong v. Reynolds*, 22

18  F.4th 1058, 1082 (9th Cir. 2022) (citing *Star v. Rabello*, 625 P.2d 90, 92 (1981)).

19      Plaintiff claims that Nationstar "acted egregiously in the face of its misleading, deceptive,

20  and forged forms."  (ECF No. 19 at ¶ 46).  At no point does plaintiff explain what makes the forms

21  misleading or deceptive, or why plaintiff believes they were forged, other than his belief that there

22  was an accord and satisfaction.  Furthermore, plaintiff fails to plead sufficient facts to support an

23  accord and satisfaction discharging the loan.  The sending of forms or asking for continued

- 10 -

payment on the loan is not extreme or outrageous conduct.  The court dismisses plaintiff's IIED claim with prejudice.

G.  Negligent Hiring and Respondeat Superior

Plaintiff next asserts a cause of action labeled "Negligent, Wanton, and/or Intentional Hiring and Supervision of Incompetent Employees or Agents/Respondeat Superior."  (ECF No. 19 at 23).

As an initial matter, respondeat superior is a theory of liability, not a claim for relief.  *See, e.g.*, *Hillcrest Invs., Ltd. v. Robison*, 2015 U.S. Dist. LEXIS 159369 at *5 (D. Nev. Nov. 24, 2015).

Nevada law recognizes the tort of negligent hiring, which imposes a general duty upon employers.  The elements of a claim for negligent hiring require plaintiff to prove (1) defendant was an employer, thereby owing a duty to "conduct a reasonable background check on a potential employee to ensure the employee is fit for the position;" (2) the defendant hired "an employee even through it knew, or should have known, of that employee's dangerous propensities[]"; (3) causation; and (4) damages. *Hall v. SSF, Inc.*, 112 Nev. 1384, 930 P.2d 94, 98 (Nev. 1996); *see also Uy v. Van*, 2025 U.S. Dist. LEXIS 16603, at *15 (D. Nev. Jan. 29, 2025).

Plaintiff fails to allege sufficient facts supporting the elements of duty, breach, and causation.  Plaintiff fails to allege that any of defendant's employees had dangerous propensities or that defendant failed to conduct a background check to ensure its employees were fit to work at Nationstar.  Accordingly, the claim for negligent hiring is dismissed.

H.  State Civil RICO

Under Nevada Revised Statute 207.390, defendant must have "engage[ed] in at least **two** crimes related to racketeering that have the same or similar pattern, intents, results, accomplices,

victims, or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents." (emphasis added).

Plaintiff claims that defendant fabricated the loan but does not allege a second crime related to racketeering. (ECF No. 19 at ¶ 58). Accordingly, the state civil RICO claim is dismissed.

I.    Preliminary Injunction

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order ("TRO") when the movant alleges "specific facts in an affidavit" that immediate and irreparable harm will occur before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). TROs and preliminary injunctions are extraordinary remedies meant to "preserve the status quo" and "prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). The standard for granting a TRO is "substantially identical" to the standard for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The court considers the following elements in determining whether to grant preliminary injunctive relief: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994).

The movant must satisfy all four elements; however, "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). This "sliding scale" approach dictates that when the balance of hardships weighs heavily in the movant's favor, he needs only to demonstrate "serious questions going to

- 12 -

the merits." *Id.* at 1135.

Having considered the *Winter* factors, the court denies plaintiff's request for a preliminary injunction, primarily because it is rooted in his accord and satisfaction argument.

Plaintiff claims he will succeed on the merits (and likewise suffer irreparable injury) because there was an accord and satisfaction. (ECF No. 19 at ¶ 67). This argument is unavailing. Foreclosure, though a monumental event for the debtor, is the right of the lender and not *per se* an irreparable injury.

The balance of hardships does not automatically favor plaintiff simply because defendant is in a "position of power." (*Id.* at ¶ 68). Plaintiff does not assert any facts that explain how a defendant's "position of power" specifically impacts this case. Defendant, on the other hand, admits that it carries the burden of servicing the loan.

Public policy supports recognizing contracts and disfavors enjoining a valid trustee's sale. *Indian Cedar Dr. Trust v. Newrez, LLC d/b/a Shellpoint Mortgage Servicing*, 2:22-cv-208-JCM-DJA, 2022 WL 489833, at *3–4 (D. Nev. Feb. 27, 2022). This court takes judicial notice of the deed of trust as a valid contract and plaintiff does not plead sufficiently otherwise. *See id.*; *supra* at 7.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss plaintiff's second amended complaint (ECF No. 28) be, and the same hereby is, GRANTED.

. . .

. . .

- 13 -

1    IT IS FURTHER ORDERED that defendant's motion to dismiss plaintiff's first amended

2    complaint (ECF No. 13) be, and the same hereby is, DENIED as moot.

3    DATED September 12, 2025.

4

5    _____

6    UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28